# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID C. ANDERSON,                    )
                                      )
                    Plaintiff,        )        Case No. 2:12-cv-01465-JCM-CWH
                                      )
vs.                                   )        **ORDER**
                                      )
FEDEX GROUND,                         )        Application to Proceed *In Forma*
                                      )        *Pauperis* (#5) and Screening of
                    Defendant.        )        Complaint
_____)

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#5), filed September 10, 2012.

## BACKGROUND

Plaintiff David Anderson filed his original application for leave to proceed *in forma pauperis* on August, 17, 2012. (#1). However, the application was incomplete and, therefore, denied without prejudice. Plaintiff filed his renewed, completed application on September 10, 2012. By way of the complaint, Plaintiff alleges that he was unlawfully terminated in violation of 29 U.S.C. § 654 and 22 U.S.C. § 2755. Plaintiff's complaint is a single paragraph and does not name any specific defendant or provide any supporting facts.

## DISCUSSION

### I.    Application to Proceed In Forma Pauperis

The Court has reviewed the financial affidavit as required by 28 U.S.C. § 1915(a) and finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action,

supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A.    Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff is attempting to allege claims under 29 U.S.C. § 654 and 22 U.S.C. § 2755 and, therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### B.    Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he has not alleged that the parties are citizens of different states. Indeed, Plaintiff has not named any defendant or even included his own citizenship. Accordingly, the Court cannot conclude that the exercise of its jurisdiction under 28 U.S.C. § 1332 is appropriate.

### C. Failure to State a Claim

Plaintiff first claim that he was unlawfully terminated in violation of 29 U.S.C. § 654 is not well taken. This purported claim would fall under the Occupation Safety and Health Act

3

1    ("OSHA").   OSHA does not provide a private cause of action. *See Glanton v. Harrah's*

2    *Entertainment, Inc.*, 297 Fed. Appx. 685 (9th Cir. 2008); *see also Crane v. Conoco, Inc.*, 41 F.3d

3    547, 553 (9th Cir. 1994); 29 U.S.C. § 653(b)(4).  OSHA does provide for a complaint process

4    and remedy for those who believe they have been wrongfully discharged for pointing out

5    violations: they may "file a complaint with the Secretary alleging such discrimination." 29

6    U.S.C. § 660(c)(2).  However, there is no federal law supporting a suit filed in district court

7    alleging OSHA violations, and "no federal cause of action for an employer's retaliatory discharge

8    of an employee who has filed a complaint" under OSHA. *Atwood v. MJKL Enterprises, LLC*,

9    2012 WL 2919406 (D. Ariz.) (citation omitted).

10         Plaintiff's second claim, which allegedly arises under 22 U.S.C. § 2755, also fails.  The

11   statute cited relates to the "policy of the United States to facilitate the common defense by

12   entering into international arrangements with friendly countries . . . to achieve specific national

13   defense requirements and objectives of mutual concern." *See* 22 U.S.C. § 2751.  Section 2755

14   appears to set forth the policy that the United States and its agencies will not enter into

15   agreements with "any foreign country, the laws, regulations, official policies, or governmental

16   practices of which prevent any United States person (as defined in section 7701(a)(30) of Title

17   26) from participating in the furnishing of defense articles or defense services under this chapter

18   on the basis of race, religion, national origin, or sex."  The Court finds that Plaintiff can not plead

19   any facts that would support a claim under 22 U.S.C. § 2755 and, therefore, the claim will be

20   dismissed with prejudice.

21         Construing the complaint as broadly as possible, it appears Plaintiff may be attempting to

22   state a claim for discrimination under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e *et*

23   *seq*.  Title VII allows individuals to sue an employer for discrimination on the basis of race,

24   color, religion, gender or national origin if he or she has exhausted both state and EEOC

25   administrative procedures.  Once a plaintiff files charges with the EEOC, the commission will

26   investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or

27   refer the decision to sue to the Attorney General if the charges are against a state or local

28   governmental entity. *Id.*  If the EEOC or Attorney General decides not to sue and if there is no

4

settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right-to-sue letter, plaintiff may sue in federal court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).

Here, Plaintiff has not alleged any facts or provided supporting details in the complaint. A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). The factual allegations should move beyond "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Conclusory allegations, untethered to any factual support, are insufficient to move the claim from plausible to conceivable and should be dismissed. *Iqbal*, 556 U.S. at 678-79; *Twombly,* 550 U.S. at 570.

In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for the position; (c) he was subject to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)). Plaintiff may also provide direct evidence of the discrimination. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Before a claim can proceed under Title VII, Plaintiff must plead facts which support the claim. Plaintiff has not done so. Thus, this complaint will be dismissed. Plaintiff will be given thirty (30) days to file an amended complaint to cure the deficiencies noted herein.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the

giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended Complaint (#6).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order may result in the Court recommending that this action be dismissed.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims under 29 U.S.C. § 654 and 22 U.S.C. § 2755 be **dismissed with prejudice** because Plaintiff failed to allege a claim from which relief can be granted, and this failure cannot be cured through amendment.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of October, 2012.

C.W. Hoffman, Jr.
United States Magistrate Judge