1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID C. ANDERSON,                    )
                                     )
                Plaintiff,      )          Case No. 2:12-cv-01465-JCM-CWH
                                       )
vs.                                   )          **FINDINGS AND**
                                       )          **RECOMMENDATION**
FEDEX GROUND,                         )
                                       )
               Defendant.    )
_____ )

      This matter is before the Court on Plaintiff's Second Amended Complaint (#9), filed on October 4, 2012.

## BACKGROUND

      Plaintiff David Anderson filed his First Application for Leave to Proceed *In Forma Pauperis* on August, 17, 2012. *See* Application #1. The Application was incomplete and the Court denied it without prejudice on August 20, 2012. *See* Order #3. Plaintiff filed his Second Application on September 10, 2012. *See* Application #5. On October 4, 2012, the Court granted Plaintiff's Second Application for Leave to Proceed *In Forma Pauperis* (#5) and ordered the Clerk of the Court to file Plaintiff's First Amended Complaint (#6). In his First Amended Complaint, Plaintiff alleged that he was unlawfully terminated in violation of 29 U.S.C. § 654 and 22 U.S.C. § 2755. Plaintiff's First Amended Complaint was a single paragraph and did not name any specific defendant or provide any supporting facts. As a result, the Court ordered the First Amended Complaint be dismissed without prejudice and granted Plaintiff thirty (30) days to file another amended complaint correcting the noted deficiencies. Further, the Court

recommended that Plaintiff's claims under 29 U.S.C. § 654 and 22 U.S.C. § 2755 be dismissed with prejudice because he failed to allege a claim from which relief can be granted and this failure could not be cured through amendment. On October 4, 2012, Plaintiff filed his Second Amended Complaint. The Court will now screen that complaint.

## DISCUSSION

**I.     Screening the Second Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims

2

1    in the complaint have not crossed the line from plausible to conceivable, the complaint should be

2    dismissed. *Twombly,* 550 U.S. at 570.

3            Additionally, the court cannot refer to a prior pleading in order to make an amended

4    complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself

5    without reference to any prior pleading. This is because, as a general rule, an amended complaint

6    supersedes the original complaint. *See Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir. 1967). Once

7    plaintiff files an amended complaint, the original pleading no longer serves any function in this

8    case. Therefore, in an amended complaint, each claim and the involvement of the defendant

9    must be sufficiently alleged.

10           **A.      Federal Question Jurisdiction**

11           As a general matter, federal courts are courts of limited jurisdiction and possess only that

12   power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).

13   Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil

14   actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises

15   under' federal law either where federal law creates the cause of action or 'where the vindication

16   of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican*

17   *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

18   *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of

19   federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc.*

20   *v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal

21   jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

22   pleaded complaint." *Id.* Here, Plaintiff submitted his Second Amended Complaint attempting to

23   allege claims under 29 U.S.C. § 654 and 22 U.S.C. § 2755. The Court informed Plaintiff of the

24   requirements of stating a claim under these statutes in its prior Order dismissing the original

25   complaint without prejudice. *See* Order #8. Plaintiff failed to correct these deficiencies. Indeed,

26   Plaintiff's Second Amended Complaint is the same as his First Amended Complaint. Therefore,

27   because the Court finds that Plaintiff failed to properly bring a claim (see discussion below),

28   federal question jurisdiction does not exist.

3

1

### B.    Diversity Jurisdiction

2       Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil

3   actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000"

4   and where the matter is between "citizens of different states."  Plaintiff has not invoked the

5   court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he has not alleged that the

6   parties are citizens of different states.  Indeed, Plaintiff has not named any defendant or even

7   included his own citizenship.  Accordingly, the Court cannot conclude that the exercise of its

8   jurisdiction under 28 U.S.C. § 1332 is appropriate.

9

### C.    Failure to State a Claim

10      As previously discussed, Plaintiff failed to allege sufficient facts to state a claim for relief

11  under 29 U.S.C. § 654 .  This claim falls under the Occupation Safety and Health Act, which

12  does not provide a private cause of action.  *See Glanton v. Harrah's Entertainment, Inc.*, 297

13  Fed. Appx. 685 (9th Cir. 2008); *see also Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir.

14  1994); 29 U.S.C. § 653(b)(4).  Similarly, Plaintiff failed to allege sufficient facts to state a claim

15  for relief under 22 U.S.C. § 2755, which indicates that the United States and its agencies will not

16  enter into agreements with "any foreign country, the laws, regulations, official policies, or

17  governmental practices of which prevent any United States person (as defined in section

18  7701(a)(30) of Title 26) from participating in the furnishing of defense articles or defense

19  services under this chapter on the basis of race, religion, national origin, or sex."  Furthermore, in

20  an attempt to construe the First Amended Complaint as broadly as possible, the Court explained

21  what facts Plaintiff needed to provide to state a plausible claim for discrimination under Title VII

22  of the Civil Rights Act.  42 U.S.C. § 2000e *et seq*.  Plaintiff failed to allege any facts or provide

23  supporting details to state a Title VII claim in the Second Amended Complaint.

24      Ultimately, the Court finds that Plaintiff failed to provide sufficient factual allegations in

25  the Second Amended Complaint to correct the above-noted subject-matter jurisdiction

26  deficiencies.  Conclusory allegations, untethered to any factual support, are insufficient to move

27  the claim from plausible to conceivable and should be dismissed.  *Iqbal*, 556 U.S. at 678-79;

28  *Twombly,* 550 U.S. at 570.  As a result, Plaintiff's claims cannot survive and the Court

recommends that his Second Amended Complaint be dismissed with prejudice.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Second Amended Complaint (#9) be **dismissed with prejudice** because Plaintiff failed to allege a claim from which relief can be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of November, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

5